GLADNEY, Judge..
This appeal is from a judgment condemning lessees to pay for damages to the premises leased by plaintiffs. From a judgment which awarded plaintiffs the sum of $213, the defendants have appealed.
The petition of Joseph E. Schmidt and his wife, owners of a house and lot identified as Municipal No. 235 Preston Avenue in Shreveport, Louisiana, alleges that on March 21, 1955 a written contract of lease was entered into for a period of one year from April 1, 1955, with Fred L. Cohan and his wife. The agreement stipulated the lessees would upon termination of the lease, restore the leased premises in like good condition as when received, subject to usual wear and tear from prudent use. It is further alleged that at the end of the term of occupancy the premises were not returned in good condition.
Requiring our special interest is a charge of damage to the wall to wall carpet. The trial court rejected claims by plaintiffs for other items, which now are of no concern on this appeal for plaintiffs have neither perfected an appeal from the adverse ruling, nor have they filed an answer to defendants’ appeal.
The defense relies upon an exception of no cause and no right of action and answer in which responsibility for injury to the carpet is disclaimed upon several grounds: first, that there was no damage inflicted; second, the carpet was not a part of the leased premises and not included in the contract of lease; and third, it is averred plaintiffs were aware the defendants had two children and a dog, and by consenting to the rental without stipulating liability for acts of commission, they are estopped to assert such a claim.
That the carpet was delivered in good condition is substantiated by the testimony of plaintiffs, B. F. O’Neal, Jr., the realtor who rented the premises, ajid Mrs. Fred L. Cohan. Proof of injury to the carpet is clearly made out. Charles E. Hammond, Truman Thomas and plaintiffs testified positively there were some eight or ten dog stains found in the carpet. Mr. Hammond, an expert in the care and repair of carpet, testified such stains cannot be removed by any cleaning process, but it would be necessary to cut away and remove the stained areas of the carpet and replace with matched material. He estimated the cost at $213.
The argument advanced by counsel that the carpet did not constitute a part of the leased premises is manifestly untenable, nor is there any merit to the contention defendants should be relieved of any obligation for damages caused by their children and dog. The obligation of the lessees insofar as we deem pertinent to the issues herein raised is set forth in Articles 2719, 2720, 2721, 2722, and 2321 of the LSA-Civil Code, which provide:
Art. 2719:
“If an inventory has been made of the premises in which the situation, *402 .at the time of the lease, has been stated, it shall be the duty of the lessee to -deliver back everything in the same state in which it was when taken possession of by him, making, however, the necessary allowance for wear and tear .and for unavoidable accidents.”
Art. 2720:
“If no inventory has been made, the lessee is presumed to have received the thing in good order, and he must return it in the same state, with the exceptions •contained in the preceding article.”
Art. 2721:
“The lessee is only liable for the injuries and losses sustained through his own fault.”
Art. 2722:
“He is, however, liable for the waste ■committed by the persons of his family, •or by those to whom he may have made a sublease.”
Art. 2321:
“The owner of an animal is answerable for the damage he has caused * * ❖ y
In the instant case no inventory of the property was made, nor was there any stipulation in the lease defendants would not be responsible for proper care of the carpet.
In support of the exception of no cause or right of action, counsel argues from Article 2721, that since the tenant is ordinarily liable only for such loss or damage as results from his fault or negligence, there must be a specific charge, and the facts on which such a charge is based must be set forth in plaintiffs’ petition — that a general allegation of negligence will not suffice. This same contention was rejected in Ferguson v. Smill, La.App.1938, 183 So. 600, 601, 602:
“While, therefore, it is quite true that tenants are not liable except for loss resulting from their negligence, it is quite obvious that the burden of absolving themselves should be placed upon them, particularly when it is not damage by wear and tear that is complained of but the entire absence of some part of the leased premises. In other words, if a tenant seeks to avoid responsibility for the value of some missing part of the leased building, he must show that it was not his negligence that caused the loss. All a lessor need do is to show the loss and at once there is thrown on the tenant the necessity to explain.”
The petition herein sets forth with particularity the stains were made by lessees’ dog, which was permitted to run free in the house. Liability therefor is created by LSA-Civil Code, Art. 2321. If this authority is not sufficient we might add that in our opinion the lessees should be held negligent in allowing the dog to have such unrestricted use of the premises.
We find no error in the judgment from which appealed, and accordingly the same will be affirmed at appellants’ cost.